Requestor: Hon. James W. Wetzler, Commissioner New York State Department of Taxation and Finance W.A. Harriman Campus Albany, N Y 12227
Written by: Robert Abrams, Attorney General
You inquire whether a franchise which relates both to the retail sale of motor fuel and operation of a convenience store constitutes a franchise within the meaning of "chain store" for purposes of the Cigarette Marketing Standards Act (hereafter, "CMSA"), Article 20-A of the Tax Law (hereafter, "TL"). We conclude it does.
Your inquiry indicates that pursuant to the CMSA, a chain store may purchase cigarettes from its suppliers at lower prices than those available to other persons engaged in the retail sale of cigarettes. The CMSA defines "chain store" to include franchisees (TL § 483[a][3]), and defines "franchisees" as follows:
 "6. `Franchisee' shall mean any person or persons engaged in the sale of cigarettes as a retail dealer who is a `franchisee' as defined in article thirty-three of the general business law; and whose franchisor franchises fifteen or more separate retail establishments in New York state through which cigarettes are sold."
TL § 483(a)(6).
Article 33 of the General Business Law (hereafter, "GBL"), the Franchise Sales Act, is a comprehensive scheme for the supervision of the offer and sale of franchises in the State. GBL § 680. While the scope of GBL Article 33 is broad, defining franchises as agreements which grant the right to offer, sell or distribute goods or services (GBL § 681[3]), certain types of franchises are not subject thereto:
 "A franchise under this article [GBL Article 33] shall not include any agreement, contract, or franchise subject to the provisions of article eleven-B of this chapter or section one hundred ninety-nine of this chapter, or any agreement or contract for the sale of motor fuel."
GBL § 681(3)(b).
GBL Article 11-B relates to various aspects of franchises for the retail sale of motor fuels. For purposes of Article 11-B, a franchise is defined as follows:
 "3. `Franchise' means any agreement between a distributor and a dealer under which the dealer is granted the right to use a trademark, trade name, service mark, or other identifying symbol or name owned by the distributor, or to which the distributor has the right to authorize the use thereof, and is furnished by the distributor with products to be sold at retail under such trademark, trade name, service mark, or other identifying symbol or name or any agreement between a distributor and a dealer under which the dealer is granted the right to occupy or use premises or facilities owned, leased, or controlled by the distributor, for the purpose of engaging in the retail sale of motor fuels of the distributor, provided that an agreement by one distributor to lease premises or facilities to another distributor shall not constitute a franchise."
GBL § 199-a(3).
GBL Article 11-B was enacted in 1975. L 1975, ch 265. Article 11-B requires written disclosure by a distributor of motor fuels to a prospective retail dealer of motor fuels before entering into a franchise. The distributor must disclose, among other things, the recent gallonage history of the franchise location, the reason for terminating the franchise of a prior dealer, and obligations of the dealer. GBL § 199-b.
GBL Article 33 was enacted in 1980. L 1980, ch 730. Article 33 requires, as to any subject franchise, registration with the Department of Law of an offering prospectus before the offer, advertisement or sale of a franchise. The prospectus describes, among other things, the identity of the franchisor and its business history, projected earnings of the franchisee, all fees and payments to be made by the franchisee, and the number and location of other operating and proposed franchises. GBL § 683. The Department of Law is charged by statute with administration of Article 33. GBL §§ 683, 684, 688, 689, 692 and 694.
The CMSA was enacted in 1985 for the purpose of regulating the wholesale and retail price of cigarettes to stabilize the State's cigarette industry (L 1985, ch 897, § 1). As originally enacted, the definition of "chain store" made no reference, as it does now, to franchises. L 1985, ch 897 § 2. Those references were added by Chapter 860 of the Laws of 1987 whereby "chain store" was defined to include a "franchise" and GBL § 483(a)(6) was added to define "franchisee" as a franchisee as defined in GBL Article 33.
The legislative bill jackets for L 1980, ch 730, which enacted GBL Article 33, and L 1987, ch 860, which defined a "chain store" for purposes of the CMSA to include GBL Article 33 franchises, do not indicate whether it was the intent of the Legislature to include or exclude one-stop convenience stores and gas station franchises from the ambit of Article 33, or to grant or deny such entities chain store status under the CMSA.
The definition of "franchise" set forth in GBL Article 33 is broadly stated and sufficiently broad to include within its ambit a franchise relating to both the retail sale of motor fuel and operation of a convenience store. Indeed, as the entity charged with administration of Article 33, this office has construed the provisions of Article 33 to apply to franchises for one-stop convenience stores and gas stations. Mixed-use gas stations register with the Department's Bureau of Investor Protection and Securities pursuant to the provisions of Article 33. As a matter of statutory construction, the interpretation given a statute by the agency charged with the administration thereof is given great weight. Moran Towing Transportation Co. v New York State TaxCommission, 72 N.Y.2d 166, 173 (1988).
Since the Legislature, in adopting GBL Article 33, made specific findings about the harms of the unregulated sale of franchises and declared its intent to protect prospective franchisees (GBL § 680), it is appropriate to construe narrowly the exclusion set forth in GBL § 681(3)(b) to apply only to franchises for gas stations alone and not to mixed-use gas stations. Matter of Radich v City Council, 93 A.D.2d 559,562 (4th Dept), affd, 61 N.Y.2d 652 (1983).
Accordingly, we conclude that since a franchise for a mixed-use gas station is subject to GBL Article 33, such a franchise may constitute a chain store for purposes of CMSA, assuming the requirements set forth in TL § 483(a)(6), relating to the minimum number of retail establishments franchised within the State, are met.